NANENA NASTRI, PLAINTIFF-APPELLANT, v. RALPH V. FRANCIOSI, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 11, 1982—Decided June 8, 1982.

Before Judges MICHELS, McELROY and J. H. COLEMAN.

*Leslie J. Jandoli* argued the cause for appellant (*Brown, Connery, Kulp, Wille, Purnell & Greene*, attorneys; *Roseann S. Oliver* on the brief).

*Robert J. Brookes* argued the cause for respondent (*Martin, Crawshaw & Mayfield*, attorneys).

The opinion of the court was delivered by

McELROY, J. A. D.

The record in this matter reveals that in the county from which this medical malpractice case originates the Rule 4:21 panel judge imposes a local rule that prohibits parties from using live testimony of their experts before the Rule 4:21 medical malpractice panel. This prohibition is customarily imposed by the judge in the pretrial order. The single exception to this local interpretation of Rule 4:21 procedure permitted by the panel judge is where a party by later post pretrial motion convinces the judge that there is "a very, very sound reason why the experts should testify . . . ." The judge, however, as a matter of course, and properly so, consistently permits the parties to testify before the panel. The obvious inequity created by this approach is that the defendant physician in doing so necessarily gives oral expert opinion while plaintiff, incapable of testifying as an expert, is limited to the report of her expert and his deposition if, as did not happen here, defendant's counsel has taken that expert's testimony.

Where the deposition of plaintiff's expert has been had and can be used before the panel, the inherent advantage thus given to defendant to give his own live expert testimony is not obviated; it is only lessened in degree. Judges and trial lawyers know that in presenting evidence before triers of facts the telling effect of testimony rests not so much in what is said but in how it is said. Medical reports frequently represent but the bare bones of expert opinion and are usually expanded and properly explained at trial (or panel hearing) by skillful direct or cross-examination and by persuasive oral presentation on the part of the witness. Depositions, from the standpoint of the entire context of a case, are frequently limited by the examiner's skill or his purpose at the time the deposition is taken. In any event, the deposition, like testimony presented by an appellate record, " 'is like a dehydrated peach; it has neither the substance nor the flavor of the peach before it was dried.' " *Trusky v. Ford Motor Co.*, 19 *N.J.Super.* 100, 104 (App.Div.1952).

The panel judge in this case gave as the basis for this local prohibition of live expert testimony the following reasoning:

I have done it and I can only speak for myself although I can assume that maybe others have the same ideas, I have done it because if we were permitting the experts to come in and to testify, what basically we would be having is a practice session of the testimony of the experts on each side with ... in effect the discovery proceeding again and what I perceive to be a rather lengthening of the time for the panels. So that I have in all stated that there will be no live testimony of the experts.

We are obliged to observe that the purposes of the R.4:21 panel hearing procedure are not fulfilled by attempting to foreclose a proper consideration of the merits of the case because of concern as to time consumed by the process. Under proper control by the panel judge the panel hearing need not be unduly lengthy even though experts testify.

The decision of the panel where unanimous is admissible before the trial jury. R.4:21–5(c). Experience demonstrates that the panel determination can have grave effect upon a jury's ultimate findings. R.4:21, like all of the rules of procedure, has as its ultimate goal justice for all the parties. The concern of the court must be the proper implementation of the rule to achieve that purpose. This is not accomplished by giving to one party the advantage this local rule gives to defendants. We are convinced that to do so constitutes a clear abuse of discretion and the imposition of such local rule is without justification. R. 4:21–5(b) permits "sworn testimony." It does not limit testimony to that of the parties alone.

Fairness to all parties in medical malpractice cases under R. 4:21–1 *et seq.* requires that at the pretrial conference the panel judge, with the assistance of counsel, seek to shape the form the panel presentation shall take. There is no reason why the parties cannot testify and experts as well. The length of time involved in such presentation can readily be handled by the proper exercise of judicial discretion at the panel hearing. There is then no jury and the issues can be reached and covered with dispatch without prolonged direct and cross-examination of experts.

The interests of justice require that this panel determination be vacated and the matter remanded so that an entirely new *R.* 4:21 panel can be employed. No one who sat on the previous panel should serve on the new panel. The assignment judge shall assign another judge to replace the panel judge for the resubmission of the case. That judge is directed to hold a prehearing conference to work out, with the assistance of all counsel, an order directing the format to be followed at the new panel hearing.

We direct that the rule heretofore enforced to bar expert testimony at panel hearings no longer be employed. The need for such expert testimony at panel hearings is apparent and where the parties desire to have such testimony the right should not be denied.

Our ruling in this case is to have only prospective effect and shall apply to cases not as yet submitted to panels. Where cases have already been considered in panel hearings the parties shall be deemed to have agreed to the procedure prohibiting live expert testimony.

Because there will be a new panel hearing the question of whether plaintiff's additional expert, Dr. Heppenstall, shall be permitted to testify at the new hearing and eventually at trial should be reconsidered. Defendant's counsel, if he desires to do so, shall be granted the right to depose this physician in timely fashion. Plaintiff's counsel is directed to immediately move for reconsideration of the right to so utilize this witness and defendant at the same time may be heard as to his need to depose him. We direct that on remand all proceedings progress with due speed. This case was commenced in 1978 and should have been at the pretrial conference stage within a year of its inception. *R.*4:21–2(c). The panel hearing should have been held a reasonably short time thereafter. The record here reveals the case was not pretried until some two years and eight months after defendant filed his answer and the panel was not convened until May 27, 1981, more than three years after answer was filed.

To sum up, the panel determination dated June 18, 1981 is vacated as is the order denying plaintiff the use of Dr. Heppenstall at trial. The matter is remanded for speedy processing in accordance with this opinion.